# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

ANGELA KELSALL,           :
                          :     C.A. No: K15C-10-023 RBY
          Plaintiff,      :
                          :
     v.                   :
                          :
BAYHEALTH, INC.,          :
                          :
          Defendant.      :


*Submitted: December 1, 2015*
*Decided: December 18, 2015*


***Upon Consideration of Defendant's***
***Motion to Dismiss***
**GRANTED IN PART and DENIED IN PART**

***Upon Consideration of Defendant's***
***Motion to Strike Plaintiff's Response***
**MOOT**

**ORDER**


Daniel C. Herr, Esquire, The Norman Law Firm, Wilmington, Delaware for Plaintiff.

E. Chaney Hall, Esquire, Greenberg Traurig, LLP, Wilmington, Delaware for Defendant.


Young, J.

## SUMMARY

Angela Kelsall ("Plaintiff") filed suit against her employer, Bayhealth, Inc. ("Defendant") claiming that they: 1) violated the Family Medical Leave Act ("FMLA"); (2) violated the Delaware Whistleblowers' Protection Act ("DWPA"); and (3) breached the implied covenant of good faith and fair dealing. Defendant filed a Motion to Dismiss the case for failure to state a claim ("the Motion"). Plaintiff filed a Response to the Motion. Defendant then filed a Motion to Strike Plaintiff's Response. Because Plaintiff has alleged facts sufficient to support one of her three claims, Defendant's Motion to Dismiss is **DENIED** in part and **GRANTED** in part. Defendant's Motion to Strike is **MOOT**.

## FACTS AND PROCEDURE

Plaintiff was employed by Defendant beginning in 2008 until her termination in 2014. During the final two years of her employment, Plaintiff was allegedly bullied by her supervisor, Dawn Jackson, and another employee of Defendant, Kristen Weeks. Defendant allegedly created an exaggerated and false record of Plaintiff's offenses and workplace discipline, instigated by Jackson and Weeks. In April 2014, when Plaintiff was approximately six months pregnant, she filed for FMLA leave. Thereafter, Plaintiff was terminated. Plaintiff filed suit against Defendant alleging violations of state and federal law. Defendant moves to dismiss. Defendant also moves to strike Plaintiff's response to the underlying motion to dismiss, claiming it relies upon an improperly filed Amended Complaint.

2

## STANDARD OF REVIEW

The Court's standard of review on a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6) is well-settled. The Court accepts all well-pled allegations as true.[1] Well-pled means that the complaint puts a party on notice of the claim being brought.[2] If the complaint and facts alleged are sufficient to support a claim on which relief may be granted, the motion is not proper and should be denied.[3] The test for sufficiency is a broad one.[4] If any reasonably conceivable basis can be formulated to allow Plaintiff's recovery, the motion to dismiss must be denied.[5] Dismissal is warranted only when "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[6]

In order to assert a retaliation claim under the FMLA, a Plaintiff must prove the following elements of the *prima facie* case: "(1) he or she is protected under the FMLA, (2) he or she suffered an adverse employment action, and (3) the adverse action was causally related to the plaintiff's exercise of his or her FMLA

---

[1] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *2 (Del. Super. Mar. 31, 2009).

[2] *Savor, Inc. v. FMR Corp.*, 2001 WL 541484, at *2 (Del. Super. Apr. 24, 2001).

[3] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[4] *Id.*

[5] *Id.*

[6] *Thompson v. Medimmune, Inc.*, 2009 WL 1482237, at *4 (Del. Super. May 19, 2009).

rights."[7]

The elements for a *prima facie* case of a violation of the DWPA are as follows: (1) the employee engaged in a protected whistleblowing activity; (2) the accused official knew of the protected activity; (3) the employee suffered an adverse employment action; and (4) there is a causal connection between the whistleblowing activity and the adverse action.[8]

The implied covenant of good faith and fair dealing is breached "when the conduct of the employer constitutes an aspect of fraud, deceit, or misrepresentation."[9] The traditional elements of fraud require a Plaintiff to show that the Defendant employer: (1) had a duty to disclose material and accurate information, but (2) misrepresented or omitted (3) material information (4) with malice or bad faith, (5) thereby causing harm to Plaintiff's contractual interests.[10] Under Delaware law, an at-will employee may sue for breach of the covenant in four limited circumstances:

> (I) where the termination violated public policy; (ii) where the employer misrepresented an important fact and the employee relied thereon either to accept a new position or remain in a present one; (iii) where the employer used its superior bargaining power to deprive an employee of clearly

---

[7] *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 508 (3d Cir. 2009).

[8] *Addision v. East Side Charter School of Wilmington, Inc.*, 2014 WL 4724895, at *3 (Del. Super. Sept. 19, 2014).

[9] *Hudson v. Wesley College, Inc.*, 1998 WL 939712, at *12 (Del. Ch. Dec. 23, 1998).

[10] *Id.*

4

identifiable compensation related to the employee's past service; and (iv) where the employer falsified or manipulated employment records to create fictitious grounds for termination.[11]

## DISCUSSION

Defendant moves to dismiss on the grounds that Plaintiff's Complaint contains fatal pleading defects and fails to state any claim upon which relief may be granted. Defendant also moves to strike Plaintiff's Response on the basis that it relies upon an improperly filed Amended Complaint. Plaintiff has properly filed only one Complaint, and her Response does not improperly inject new material into the pleadings. Therefore, Defendant's motion to strike is **MOOT**.

### *Count One - FMLA Retaliation*

Defendant asserts that Plaintiff's Complaint does not state a *prima facie* case for FMLA retaliation. The Complaint fails to plead facts showing that Defendant is a covered employer under the FMLA, or that Plaintiff is entitled to FMLA statutory protections. To be eligible for FMLA leave, an employee must have worked at least 1,250 hours in the past year for an employer with fifty or more employees.[12] A plaintiff employee must include factual allegations in her complaint showing that the FMLA applies to her employer and entitles the employee to leave.

Even if taken as a given that Defendant employs fifty or more individuals, which should have been alleged, Plaintiff must still state her hours worked over

---

[11] *Lord v. Souder*, 748 A.2d 393, 400 (Del. 2000).

[12] 29 U.S.C. § 2611.

the preceding year as required. These flaws in Plaintiff's Complaint are more than mere technical errors. Instead, these pleading flaws are substantive barriers to Plaintiff's claim. Hence, subject to Plaintiff's amended allegations, Defendant's motion to dismiss the claims based on FMLA retaliation is **GRANTED**.

### *Count Two - Violation of the DWPA*

Defendant next asserts that Plaintiff's Complaint does not state a *prima facie* case for a DWPA claim. The Complaint fails to plead facts showing which law Plaintiff believed the co-worker's bullying violated. However, the standard for a DWPA claim is whether the Plaintiff reported conduct which she reasonably believed to be a violation of law.[13] Plaintiff's Complaint clearly states that she believed the conduct complained of violated the law.

Defendant also asserts that Plaintiff's DWPA claim fails because the statute is limited to protecting employees who report legal violations for public benefit. Because Plaintiff's report was personal in nature, Defendant's argue, the DWPA does not apply. Defendant reads the state statute too narrowly. Delaware law recognizes that a workplace complaint about a private or interpersonal matter may demonstrate a violation of the DWPA.[14] The DWPA aims to protect "employees who report violations of the law for the benefit of the public," as well as to "provide[] a check on persons in positions of authority, by ensuring that they do not take retaliatory action against subordinates who disclose misconduct."[15]

---

[13] 19 *Del. C.* § 1703(4).

[14] *Smith v. Delaware State University*, 47 A.3d 472, 476 (Del. 2012).

[15] *Id.*

6

Defendant's motion to dismiss on this claim is **DENIED**.

### *Count Three - Breach of Implied Covenant of Good Faith and Fair Dealing*

Defendant, finally, asserts that Plaintiff's Complaint does not state a claim for breach of the implied covenant of good faith and fair dealing. The doctrine of at-will employment gives rise to an implied covenant only in a few situations, including where the employer creates false or exaggerated records to justify terminating an employee. Here, Plaintiff asserts that Defendant created such false or exaggerated records to justify terminating her. Although such conduct could form the basis for a claim, Plaintiff fails to describe her conclusory allegations adequately with facts detailing the employment records at issue. Defendant correctly points out that the Complaint contains no factual allegations from which the Court could find that Defendant breached the implied covenant. Accordingly, Defendant's motion to dismiss the claim based on a DWPA violation is **GRANTED**.

## <u>CONCLUSION</u>

Defendant relies on too narrow a reading of the state statute underlying Plaintiff's second claim. However, Defendant correctly demonstrates substantive pleading flaws in Plaintiff's Complaint, as well as Plaintiff's failure to state a claim adequately for breach of the implied covenant of good faith and fair dealing. Therefore, Defendant's Motion to Dismiss should be **DENIED** in part as to Count Two (Violation of DWPA), and **GRANTED** in part as to Count One (FMLA Retaliation) and Count Three (Breach of Implied Covenant).

For the foregoing reasons, the Defendant's Motion to Dismiss is **DENIED**

in part and **GRANTED** in part, and Defendant's Motion to Strike is **DENIED** as moot.

      **IT IS SO ORDERED**.

                         /s/ Robert B. Young
                                      J.

RBY/lmc
oc:    Prothonotary
cc:    Counsel
       Opinion Distribution
       File